MINDLIN et al. v. APPELBAUM et al.

(Supreme Court, Appellate Term.   February 5, 1909.)

1. BILLS AND NOTES (§ 359*)—TRANSFER—HOLDERS FOR "VALUE."
   Transferees of a note taken before maturity from the payees in part payment of an antecedent indebtedness of the payees to the transferees were holders for value; an antecedent debt constituting value under the express provisions of Negotiable Instruments Law (Laws 1897, p. 727, c. 612) § 51.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 924; Dec. Dig. § 359.*

   For other definitions, see Words and Phrases, vol. 8, pp. 7275–7280, 7826.]

2. BILLS AND NOTES (§ 338*)—TRANSFER—HOLDERS IN DUE COURSE.
   The transferees would be holders in due course unless they had notice of defenses against the note in the transferror's hands.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 819; Dec. Dig. § 338.*]

3. BILLS AND NOTES (§ 343*)—TRANSFER—NOTICE OF DEFENSES.
   An agreement printed on the back of a note, indorsed before delivery by a third person, and given as part of a composition with the maker's creditors, which agreement purported to be an assignment of all claims of the payees against the makers, and stated the consideration therefor to be the note upon which the agreement was printed and a check therein mentioned, was not sufficient to give notice to strangers to the transaction that the assignment might be intended to include outstanding notes of the makers held by the payees so as to put them upon inquiry, and the defense that the outstanding notes had not been surrendered according to the agreement could not avail in a suit on the note containing the agreement by such a stranger to whom the payees had transferred it.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 853; Dec. Dig. § 343.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Henry Mindlin and another against Harris Appelbaum and others.  Judgment for plaintiffs, and defendants appeal.  Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Schenkman & Brown (Edward A. Brown, of counsel), for appellants.

Hillquit & Hillquit, for respondents.

GIEGERICH, J.   The action is brought by the holders of a promissory note made by the defendants Appelbaum to the order of P. Sack & Co., and indorsed by the latter and by the defendants Shalita.   The note bore upon its face the following clause.:

"This note made and delivered subject to agreement endorsed on back thereof."

On the back of the note, above the indorsements, the following was printed:

"In consideration of the within note and check simultaneously herewith delivered, both evidenced by our acceptance hereof, we herewith assign, transfer

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and set over to Shalita Bros. all our claims or demands against the firm of Appelbaum Bros., with full power and authority to enforce and collect the same as fully as if we had duly executed and delivered a more formal assignment."

The plaintiffs had judgment below, and the defendants have brought on this appeal.

The note in question was made and delivered by the defendants Appelbaum and indorsed by the defendants Shalita in pursuance of a composition agreement with the creditors of the former among whom were P. Sack & Co., the payees of the note. At the time two notes of the Appelbaums in favor of P. Sack & Co., each for $300, were outstanding, and the defendants claim that the agreement indorsed on the note contemplated the surrender of these outstanding notes, which, however, instead of being surrendered by Sack & Co., were by them negotiated to the plaintiffs, who were admittedly bona fide holders thereof for value. The defendants claim that this failure to surrender the prior notes was a defense to an action upon the note now in question, as between them and the payees, Sack & Co., and they contend that this defense is equally available to them as against the plaintiffs, for the reason that the latter are shown not to be holders in due course. The plaintiffs proved, howeyer, that the note was taken by them before maturity in part payment of an antecedent indebtedness of Sack & Co. to them, and the testimony on this point was not contradicted. This was sufficient to constitute them holders for value (Negotiable Instruments Law [Laws 1897, p. 727, c. 612] § 51; Sutherland v. Mead, 80 App. Div. 103, 107, 80 N. Y. Supp. 504; Roseman v. Mahony, 86 App. Div. 377, 378, 83 N. Y. Supp. 749), and in due course, unless they had notice of the matters of defense which are now asserted against them. I do not think that the agreement printed on the back of the note amounted to such notice or fairly put them on inquiry. That agreement purported to be an assignment of all claims or demands of the payees against the makers of the note, and the consideration for such assignment was therein stated to be the note upon which the agreement was written and the check therein mentioned. It would surely not be reasonable to expect strangers to the transaction to infer that the assignment for which the note and check were given might be intended to include outstanding notes. If such was, in fact, the intention of the parties, ordinary prudence would have required that such outstanding notes be surrendered before the note and check intended to carry out the terms of the composition were delivered to the creditor. The other course was so obviously ill advised and reckless that I do not think the plaintiffs were required to consider it, or that any duty of inquiry rested upon them.

I am therefore of the opinion that the plaintiffs were entitled to recover, and that the judgment appealed from should be affirmed, with costs. All concur.